THOMAS J. McGRATH v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Submitted March 21, 1912—Decided June 27, 1912.

1. Plaintiff, an exempt fireman holding the position of assistant building inspector, was removed therefrom by resolution without charges or complaint made against him. *Held*, that under the provisions of *Pamph. L.* 1911, *p.* 444, protecting exempt firemen from removal except upon charges and complaint and an opportunity to be heard, the resolution was illegal.

2. The act protecting exempt firemen from removal except for cause, and after charges presented and an opportunity to be heard (*Pamph. L.* 1911, *p.* 444), is constitutional.

3. The plaintiff, holding a position and not an office, as defined by law, *certiorari* and not *quo warranto* was the proper remedy to test the legality of his removal.

On *certiorari*.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutors, *Benny & Cruden.*

For the defendant, *Daniel J. Murray.*

The opinion of the court was delivered by

MINTURN, J. The prosecutor, who held the position of assistant building inspector in the city of Bayonne, was dismissed by the board of council without complaint or charges preferred against him. He contests the dismissal upon the ground that since he is an exempt fireman, holding a certificate evidencing that fact, he could be legally removed only for good cause and after an impartial hearing. In support of this contention we are referred to *Pamph. L.* 1911, *p.* 444, which in substance provides, *inter alia,* that no person holding a salaried position or office in any municipality of the state, who is an exempt fireman, holding an exempt fireman's certificate, shall be removed from such position, "except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior, and shall not be removed for political reasons."

The prosecutor is an exempt fireman and is in possession of the certificate of exemption required by this statute. He was appointed to the position of assistant building inspector by resolution of the council on March 1st, 1910, at a salary of $1,000 per annum, for the unexpired term of Thomas Nolan. He continued to serve until January 1st, 1912, when, without notice, William Dwyer was substituted, at the same salary, to fill the position.

The office of building inspector was created by an act of the legislature, passed in 1886 (*Gen. Stat., p.* 623), and, under the provisions of that act the mayor and council provided by ordinance for the appointment of a building inspector, but no provision was made, either in the statute or in the ordinance, for the appointment of an assistant building inspector, the latter appointment being made presumably under

the general power contained in the charter of Bayonne. *Pamph. L.* 1873, *p.* 465.

The distinction established by this court between an office and a position has been the subject of repeated adjudications, and we are of the opinion, in the light of these adjudications, and the testimony presented by this record, that the prosecutor was the occupant of a position and not of an office. *Bownes* v. *Meehan,* 16 *Vroom* 189; *Stewart* v. *Freeholders,* 32 *Id.* 117.

Such being the *status* of the prosecutor, *certiorari* and not *quo warranto* was the legal remedy for the assertion of his claim, and the prosecutor, therefore, is properly here upon this writ. *Peterson* v. *Salem,* 34 *Vroom* 57.

The final objection of moment is directed to the constitutionality of the act of 1911, as in contravention of article 4, section 7, paragraph 11, subdivision 7 of the state constitution, inhibiting the passage of local or special laws. The act is entitled "An act regarding exempt firemen of volunteer fire departments, volunteer fire engine, hook and ladder, hose or supply companies, or salvage corps, of the cities, towns, townships, boroughs and fire districts of this state."

We consider the title of this act sufficiently indicative of the legislative intent to grant to the generality of exempt firemen the privilege accorded by the act. The fact that the body of the act requires such exempt firemen to hold an exemption certificate is a mere detail of procedure, which it is presumed exempt firemen, or those entitled to be so classed, can readily comply with. This general definition of the class to which the provisions of the act shall apply is sufficiently comprehensive, under our adjudications, to include all exempt firemen who are legally entitled to that appellation, and the act thereby fulfills the constitutional requirement. *State* v. *Walter,* 4 *Vroom* 350; *Rader* v. *Township of Union,* 10 *Id.* 509; *Smith* v. *Willetts,* 52 *Id.* 372.

We have examined the defendant's remaining objections to this proceeding, and find them without substance.

The resolution in question will be set aside.